| | | |
|---|---|---|
| CHRISTOPHER RODRIGUEZ | : | No. 3:23-cv-01258 (TOF) |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT F. DWYER, ET AL., | : | |
| Defendants | : | DECEMBER 9, 2025 |

<u>JOINT TRIAL MEMORANDUM</u>

The parties submit this Joint Trial Memorandum and all attachments pursuant to

the District of Connecticut's Standing Order Regarding Trial Memoranda in Civil

Cases and this Court's November 24, 2025 Order (*ECF No. 104*).

## 1.  TRIAL COUNSEL

For Plaintiff:
Nate Baber
Baber Law, LLC
348 Hartford Turnpike
Vernon, CT 06066
Email: nate.baber@injuredct.com
Telephone: 855-285-3425

For Defendants:
Jacob McChesney
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5450
Email: jacob.mcchesney@ct.gov

Terrence O'Neill
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5450
Email: terrence.oneill@ct.gov

## 2.  JURISDICTION

Jurisdiction over this action is pursuant to 28 U.S.C. §§ 1331, 1343(3), 1367(a)

and 42 U.S.C. §§ 1983, 1988.

## 3.  JURY/NON-JURY

This action is to be tried to a jury.

### 4.    LENGTH OF TRIAL

The estimated length of trial is 4 days, from the commencement of evidence to the conclusion of closing arguments.

### 5.    FURTHER PROCEEDINGS

Arguments and rulings on Motions *in Limine*, if filed.  In addition, the defendants may submit jury interrogatories tailored to the evidence presented at trial to inform the Court's determination of their qualified immunity.

If the jury finds that punitive damages should be awarded on the plaintiff's state law assault claim, the Court will need to determine the amount of those damages in a separate proceeding. In that event, the plaintiff  may submit evidence to the Court, following the rendering of the verdict,  sufficient to allow the court to calculate the amount of plaintiff's litigation expenses and attorney's fee. Such evidence does not need to be submitted prior to the jury's verdict.

### 6.    NATURE OF THE CASE

### a)  Plaintiff's Statement:

This civil rights action is brought pursuant to 42 U.S.C. § 1983 to remedy the use of excessive force while the Plaintiff was in the custody of the Connecticut Department of Correction. The Complaint alleges that on May 4, 2022 during a verbal disruption at a court proceeding, several Defendants—identified as Officers Johndro, Muller, Chrostowski, and Richard—responded with

unnecessary and excessive physical force. Plaintiff alleges that Defendants applied force to his neck and body, including what he describes as a chokehold, causing physical injury.

Plaintiff contends that the Defendants' actions violated his constitutional rights and caused physical pain, emotional distress, and other damages. He seeks relief under 42 U.S.C. §§ 1983 and 1988, as well as any other applicable law.

**b) Defendant's Statement:**

The defendants assert that they did not use constitutionally excessive force or commit an assault or battery under the circumstances on May 4, 2022, and they deny liability for the plaintiff's claims of excessive force and/or assault and battery. The defendants expect the evidence will show that, to the extent that any defendant is shown to have used force against the plaintiff on May 4, 2022, the force used on the plaintiff was reasonable and appropriate to maintain order in the courtroom and protect individuals from harm. The defendants leave and hold the plaintiff to his burdens of proof on all claims.

The defendants further contend that at all times they acted reasonably and with a good faith belief that under the circumstances with which they were faced, they were acting lawfully. They assert that, therefore, they are entitled to qualified immunity from any judgment of monetary damages.

**7.    TRIAL BY MAGISTRATE JUDGE**

The parties consent to a trial by a magistrate judge.

**8.    EVIDENCE**

**a) Witnesses:** Plaintiff's Witness list is attached as Exhibit 1. Defendants' Witness list is attached as Exhibit 2.

**b) Exhibits:** Plaintiff's Exhibit  list is attached as Exhibit 3. Defendants' Witness list is attached as Exhibit 4.

**c) Deposition Testimony**: the parties state that there are no witnesses who are expected to testify by deposition at trial.

9.  **STIPULATIONS:**

The parties have conferred and agree on the following undisputed facts:

1.      At all relevant times, Plaintiff Christopher Rodriguez was incarcerated in the custody of the Connecticut Department of Correction.

2.      At the time of the events described in the Amended Complaint, Defendants Johndro and Muller were employed as Judicial Marshals employed by the State of Connecticut.

3.      At the time of the events described in the Amended Complaint, Defendant Chrostowski was employed as an investigator with the State Attorney's Office for the State of Connecticut.

4.      Plaintiff was housed at a Department of Correction facility during the time frame relevant to this lawsuit.

10.  **JURY TRIALS**

**a) Brief description of the cases and parties:**

This is a civil rights action brought by Plaintiff Christopher Rodriguez, an individual who was in the custody of the Connecticut Department of Correction

when on May 4, 2022, he was on trial in New Britain Superior Court. Plaintiff alleges that on that date several State of Connecticut employees, Judicial Marshal Johndro, Judicial Marshal Muller, and Investigator Chrostowski used excessive force against him during the court proceeding, and Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Plaintiff further contends that the defendants' alleged use of excessive force constituted an assault and battery under state tort law.

Defendants deny any and all allegations that they acted wrongfully or violated Plaintiff's constitutional rights. Defendants deny that they used excessive force against Plaintiff and deny that Plaintiff was ever placed in a chokehold. Defendants maintain that any use of force against Plaintiff was reasonable and constituted a good-faith effort to maintain order in the courtroom and protect individuals from harm.

The case concerns disputes over what force was used, whether it was justified, whether Plaintiff's constitutional rights were violated, and the extent of any resulting injury or damages. These issues will be presented to the jury for resolution.

**b) Voir Dire Questions:** Plaintiff's proposed Voir Dire Questions are attached as Exhibit 5. Defendants' proposed Voir Dire Questions are attached as Exhibit 6.

**c) Proposed Jury Instructions:** Plaintiff's proposed Jury Instructions are attached as Exhibit 7. Defendants' proposed Jury Instructions are attached as Exhibit 8.

**c) Proposed Verdict Form:** Plaintiff's proposed Verdict Form is attached at Exhibit 9. Defendants' proposed Verdict Form is attached at Exhibit 10.

**10. ANTICIPATED EVIDENTIARY PROBLEMS**

*Motions in Limine* will likely be filed by the parties.

**11. USE OF COURTROOM TECHNOLOGY**

The parties intend to use courtroom technology for the purpose of playing video and/or audio related to the underlying as well as display of documentary exhibits. The parties will likely utilize a laptop computer to connect to courtroom technology.

## Exhibit 1

**Plaintiff's Witness List:**

1. Christopher Rodriguez, Plaintiff. He will testify as to the facts and circumstances alleged in his Complaint. He will testify. His testimony will last 4 hours.

2. Defendant Johndro. It is expected that this witness will testify as to the facts and circumstances that are alleged to have occurred on May 4, 2022, his defenses to the action, and his responses to discovery. This witness will only testify if the need arises. His testimony will last only one hour.

3. Defendant Muller. It is expected that this witness will testify as to the facts and circumstances that are alleged to have occurred on May 4, 2022, his defenses to the action, and his responses to discovery. This witness will only testify if the need arises. His testimony will last only one hour.

4. Defendant Chrostowski. It is expected that this witness will testify as to the facts and circumstances that are alleged to have occurred on May 4, 2022, his defenses to the action, and his responses to discovery. This witness will only testify if the need arises. His testimony will last only one hour.

5. Attorney Robert Dwyer, fact witness. It is expected that this witness will testify as to the facts and circumstances that are alleged to have occurred on May 4, 2022 and after. Attorney Dwyer represented Plaintiff at the court proceeding subject of this action.

6.  Trooper Cecile Cargill, fact witness. It is expected that this witness will testify as to investigation into the facts and circumstances that are alleged to have occurred on May 4, 2022 and after, and his report dated June 24, 2024.

7.  The Honorable Laura F. Baldini, fact witness. It is expected that this witness will testify as to the facts and circumstances that are alleged to have occurred on May 4, 2022 and after. Judge Baldini presided over the May 4, 2022 court proceedings.

8.  Micaela Fitzsimmons, Fact Witness. It is expected that this witness will testify as to the facts and circumstances that are alleged to have occurred on May 4, 2022 and after. Ms. Fitzsimmons was the court reporter assigned to the May 4, 2022 court proceedings.

9.  One or more unnamed jurors, fact witnesses. It is expected that one or more jurors present at the May 4, 2022 jury trial will testify as to their first hand eyewitness accounts of the facts and circumstances that are alleged to have occurred on that date. At present time, Plaintiff does not have the identifying information of those jurors.

## Exhibit 2

**Defendants' Witnesses List:**

The defendants will cross examine each of the plaintiff's witnesses and also reserves the right to call the plaintiff's own witnesses in their (the defendants') case in chief. The defendants also reserve the right to call other witnesses for purposes of rebuttal or impeachment.  In addition, the defendants intend to call the following witnesses in their case in chief.

Will call:

1. Brandon Johndro (party, defendant). The defendants expect to call Defendant Johndro in their case in chief. They expect Defendant Johndro to testify to his training, education, and experience as a judicial marshal. They expect Defendant Johndro to testify to the facts, events, conditions, and circumstances described in the plaintiff's complaint or otherwise at issue in this lawsuit, including his (Johndro's) state of mind as it relates to the above, including the plaintiff's claims against him (Johndro) and the defendants' defenses to those claims.

2. Michaela Muller (party, defendant). The defendants expect to call Defendant Muller in their case in chief. They expect Defendant Muller to testify to her training, education, and experience as a judicial marshal. They expect Defendant Johndro to testify to the facts, events, conditions, and circumstances described in the plaintiff's complaint or otherwise at issue in this lawsuit, including her (Muller's) state of mind as it relates to the above,

including the plaintiff's claims against her (Muller) and the defendants'
defenses to those claims.

3. Jerry Chrostowski (party, defendant). The defendants expect to call
Defendant Chrostowski in their case in chief. They expect Defendant
Chrostowski to testify to his training, education, and experience as n
investigator. They expect Defendant Chrostowski to testify to the facts,
events, conditions, and circumstances described in the plaintiff's complaint
or otherwise at issue in this lawsuit, including his (Chrostowski's) state of
mind as it relates to the above, including the plaintiff's claims against him
(Chrostowski) and the defendants' defenses to those claims.

4. Christopher Rodriguez (party, plaintiff). In addition to cross-examining and
impeaching the plaintiff, the defendants expect to call the plaintiff,
Christopher Rodriguez, in the defendants' case in chief, to testify concerning
the facts, events, conditions and circumstances described in his complaint
or otherwise at issue in this lawsuit.

May call:

5. Robert Dwyer (witness). This witness is expected to testify in defendants' case
in chief concerning the facts, events, conditions and circumstances described
in the complaint or otherwise at issue in this lawsuit.  Such testimony is
anticipated to include Attorney Dwyer's interactions and communications
with the plaintiff as the plaintiff's defense counsel and the events that he
observed on and surrounding May 4, 2022.

10

6.  David Clifton (witness). This witness is expected to testify in defendants' case in chief concerning the facts, events, conditions and circumstances described in the complaint or otherwise at issue in this lawsuit. Such testimony is anticipated to include Assistant State's Attorney Clifton's interactions and communications with the plaintiff as the prosecuting attorney and the events that he observed on and surrounding May 4, 2022.

7.  Cecile Cargill (witness). This witness is expected to testify in defendants' case in chief concerning the facts, events, conditions and circumstances described in the complaint or otherwise at issue in this lawsuit. Such testimony is anticipated to include Trooper Cargill's investigation into the plaintiff's claims of assault regarding the May 4, 2022. This witness is also expected to authenticate photographic evidence and other records that he created or procured as a part of said investigation.

8.  Keeper(s) of Records, Connecticut Department of Emergency Services and Public Protection

9.  Keeper(s) of Records, Connecticut Superior Court

10. Other relevant Keeper(s) of Records

11. The defendants reserve the right to call rebuttal witnesses where appropriate.

Exhibit 3

**Plaintiff's Exhibit List:**

1.      Plaintiff's Medical Records with the Department of Corrections, including

request forms associated  therewith.

>    **Defendants' Objection:** The defendants object to this exhibit on the grounds
>
>    as set forth in the defendants' motion *in limine*.
>
>    **Plaintiff's Response:** Plaintiff will respond upon receipt and review of
>
>    Defendants' Motion *in limine*

2.      Defendant Johndro's Incident Report dated June 1, 2022.

3.      Connecticut State Police Police Report prepared  by Cecile Cargill and dated

June 22, 2024.

4.      Video recording: C034 (Courtroom 1C), 5/4/2022, 12:25:00 PM–12:34:59 PM

5.      Video recording: C031 (Holding 1C-1D), 5/4/2022, 12:25:00 PM–12:34:59 PM

6.      Audio recording of court proceedings for Docket Nos. H15N-CR180294038S

& H15N-CR180295032T, 5/4/2022, approximately length 2:39:12.

Exhibit 4

<u>Defendants' Exhibit List</u>

The defendants are currently reviewing methods of limiting or combining certain exhibits listed below (such as court proceeding audio recordings, transcripts, and video recordings) for better and more concise presentation to the jury. The defendants reserve the right to alter the below list to the extent any referenced exhibit is able to be limited or combined for presentation to the jury as noted above.

501.    Incident Report JDNB-200. Approximately 1 page. Dated May 4, 2022.

502.    Police Report (CFS No.2200194682). Approximately 9 pages. Dated 6/24/2022.

503.    Photo: color version of photograph 1 from police report

504.    Photo: color version of photograph 2 from police report

505.    Photo: color version of photograph 3 from police report

506.    Video recording: C034 (Courtroom 1C), 5/4/2022, 12:25:00 PM−12:34:59 PM

507.    Video recording: C031 (Holding 1C-1D), 5/4/2022, 12:25:00 PM−12:34:59 PM

508.    Transcript of court proceeding. Docket Nos. H15N-CR180294038S & H15N-CR180295032T. Approximately 117 pages. Dated May 4, 2022.

**Plaintiff's Objection:** Pursuant to Rules of Evidence Section 402, 403, and 404. Plaintiff objects to any portion of the transcript that discuss the nature of the allegations, evidence, or substance of the subject matter of the May 2, 2022 proceedings. The conduct alleged in the criminal matter court

proceeding is not relevant to the issues presented in the case at bar. In addition, it is unduly prejudicial, and constitutes impermissible character evidence.

**Defendants' Response:** The objected to portions of the transcript of the proceeding are relevant to the state of mind of the defendants' and highly probative of the events underlying the incident that is the subject of this lawsuit.

509.  Audio recording of court proceeding for Docket Nos. H15N-CR180294038S & H15N-CR180295032T, 5/4/2022, approximately length 2:39:12.

**Exhibit 5**

**PLAINTIFF'S PROPOSED VOIR DIRE FOR JURY SELECTION:**

The Plaintiff requests the following voir dire questions:

1. This is a lawsuit for civil rights violations brought by a citizen against employees of the State of Connecticut Department of Corrections. Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2. Is there any one here who would prefer not to sit on a jury concerning a case of this kind?

3. Does anyone here feel, for any reason, that prisoners who believe that they have been treated illegally and unfairly should not bring suit against correctional officers or other responsible individuals? If so, please explain.

4. Have you or anyone close to you ever been employed as a policeman, correctional officer, state marshal or by any law enforcement agency in any capacity? If so, please explain.

5. Have you, or anyone close to you, ever been employed by the State of Connecticut?

6. Have you, or anyone close to you, ever been employed by any other local, state, or federal agency?

7. Have you ever served as an appointed or elected official of any local, state, or federal Government?

8. Do you know, or have you heard, or read anything about this case, the plaintiff or the defendants, or any of the lawyers involved in the case? 9. Have you, or anyone close to you, ever been employed as an attorney, or worked in a law office?

10. Would you, for any reason, tend to favor one side or the other in this case, or in regard to the evidence which may be presented?

11. Do you tend to trust, or believe, the testimony of a law enforcement officer more or less than that of an ordinary citizen merely because that testimony comes from a law enforcement officer?

15

12. Do you tend to trust, or believe, the testimony of a law enforcement officer more or less than that of a prisoner merely because that testimony comes from a law enforcement officer or from a prisoner?

13. Do you have any feeling that the testimony of a law enforcement officer or state marshal is entitled to greater or lesser weight, or believability than that of an ordinary citizen?

14. Have you, any member of your family, or any close friend ever made a formal complaint against a law enforcement officer?

15. Have you or anyone close to you ever been arrested?

16. Have you, or any member of your family or any close friends been involved in what you would consider to be a negative or unpleasant situation with a law enforcement officer?

17. Do you feel that your previous involvement in any of these situations, if any, would be likely to affect your ability to be completely fair and impartial in this case?

18. Have you, any member of your family, or any close friend ever been involved in any police investigation? If so, how were you involved in the investigation? Do you feel that your previous involvement in this type of situation would be likely to affect your ability to be completely objective and impartial in this case?

19. Have you, any member of your family, or any close friend ever been questioned by a law enforcement officer? Do you feel that your previous encounter in this type of situation would be likely to affect your ability to be completely objective and impartial in this case?

20. Have you ever served on a jury which heard claims of law enforcement officer misconduct, or violation of someone's constitutional rights?

21. Do you have any strong opinions, thoughts or ideas about claims of deprivation of a person's constitutional rights? If so, please describe.

22. Would any of your feelings or ideas concerning claims similar to the ones before us today prevent you from being absolutely fair and impartial in considering this case solely on the basis of the evidence and the law as the court will give it to you?

23. If the court were to instruct you that the law applicable to this case could

result in you having the duty to award money damages against the defendants, would you have any difficulty in making that decision?

24. Can you decide this case solely on the basis of the evidence and the law as the Court will give to you?

25. Have you, or anyone you know sustained injuries or damages in any type of incident involving law enforcement officers? Do you feel that your involvement in or knowledge of these situations would likely affect your ability to be completely objective and impartial in this case?

26. Have you, or anyone close to you, ever been a party to a lawsuit? If so, please explain.

27. Where are you employed? If employed, what is your occupation? 28. If you are married, is your spouse connected in any way with a law enforcement agency?

29. Do you believe that a person who is incarcerated should be awarded money damages if you determine that the person's constitutional rights were violated?

30. Will you have any issue awarding money damages to a person who is incarcerated?

31. Do you support the phrase "Blue Lives Matter"?

32. Do you believe that law enforcement officers can act unlawfully during the course of handling an inmate?

33. Do you believe law enforcement officers have an obligation to intervene if they believe another officer is breaking the law?

34. Do you believe that a person who has committed a crime can also be a victim of a crime?

Exhibit 6

**DEFENDANTS' PROPOSED VOIRE DIRE QUESTIONS FOR THE JURY**

The defendants respectfully requests that the following questions be asked

of prospective jurors:

1.    The plaintiff in this case is Christopher Rodriguez. To the best of your
knowledge, are you or any member of your family acquainted with the plaintiff in
any way?

2.    The defendants in this case are Brandon Johndro, Michaela Muller, and Jerry
Chrostowski.  Defendants Johndro and Muller were, at all relevant times,
Connecticut judicial marshals assigned to New Britain Superior Court. Defendant
Chrostowski was, at all relevant times, an investigator for the Connecticut
Division of Criminal Justice.  To the best of your knowledge, are you or any
member of your family acquainted with the defendants in any way?

3.    The following individuals may be witnesses in this case:

  a.    Attorney Robert Dwyer
  b.    Judicial Marshal Jason Albrycht.
  c.    Assistant State's Attorney David Clifton
  d.    State Trooper Cecile Cargill

To the best of your knowledge, are you or any member of your family acquainted
with any of these individuals?

4.    Do you know any of your fellow jurors?

5.    Do you have any knowledge regarding this case from any source other than
what you have learned here in court today?

6.    Earlier, I read to you a short statement about what this case is about.  Is there
anything about what you have heard which makes you believe you would have
difficulty being fair and impartial in considering such a case?

7.    Have you ever been a party in a lawsuit or has any member of your family
ever been a party in a lawsuit?

8.    Have you ever served on a jury before?  If so, please identify the location and nature of the case or cases on which you served.

9.    Would you tend to believe one party more than another simply by virtue of their positions in this lawsuit?

10.    If you are selected to sit on this jury, the Court will instruct you on the law which you must apply to the facts of this case as you find them to be. One of the Court's instructions will inform you that the burden of proof for all material facts rests with the plaintiff. Do you understand that it is the plaintiff's responsibility to prove every fact essential to his case?

11.    Are you or is any member of your family an attorney?

12.    Do you or does any member of your family work for an attorney?

13.    Have you, or anyone close to you, ever been arrested? If so, do you feel that this experience would influence your ability to be neutral and fair in deciding this case? In what way?

14.    Have you or has any member of your family ever been sued by the State of Connecticut or any other governmental agency, or filed a lawsuit against the State of Connecticut or any other governmental agency? If so, do you feel that this experience would influence your ability to be neutral and fair in deciding this case?

15.    Have you, a member of your family, or a close friend ever made a formal complaint against a law enforcement official for any reason? If so, do you believe that the circumstances of that incident might interfere with your ability to arrive at a fair and impartial verdict based solely upon the evidence in this case and the law as the Court explains it to you?

16.    Have you, or has any member of your family, ever been involved in what you consider to be a negative or unpleasant experience with court judicial marshals? If so, explain.

17.    Have you, or has any member of your family, ever been involved in what you consider to be a negative or unpleasant experience with any law enforcement? If so, explain.

18.    In this case, you will hear evidence concerning circumstances surrounding the use of force by the defendants toward the plaintiff. Is there anything about the use of force by law enforcement which might interfere with your ability to

fairly and impartially judge this case solely on the basis of the evidence presented and the law as the Court explains it to you?

19.   Have you, a member of your family or a close friend ever been subjected to a use of force by a judicial marshal or other law enforcement official?

20.   Have any of you heard or read anything about Connecticut law enforcement, including the Judicial Marshals and Division of Criminal Justice and their employees, which would in any way interfere with your ability to be objective and impartial in this case?

21.   Do any of you believe that there is no circumstance when a judicial marshal or other law enforcement may use force toward an individual, regardless of what that individual is doing or saying?

22.   Do any of you believe, for any reason, that law enforcement officials have a tendency to abuse their authority?

23.   Do you believe that, merely because the defendant has been accused of violating the plaintiff's constitutional rights, they are probably guilty of some wrongdoing?

24.   Do you believe that if one defendant is found liable for some wrong committed against the plaintiff that all of the other defendants must also be liable?  Will you be able to judge the liability of each defendant independently based solely upon the evidence presented in this case and the law as the Court will explain it to you?

25.   Have you ever previously served on a jury which heard claims of law enforcement misconduct of any type?

26.   Does anyone believe that monetary damages should be awarded to the plaintiff just because he has filed a lawsuit or just because he allegedly has been injured?

27.   Do any of you believe that, just because law enforcement used force toward the plaintiff, and he may have been injured, that the plaintiff is entitled to an award of damages from the law enforcement involved?

28.   Do any of you believe that there is no circumstance when law enforcement may use force toward an inmate or other individual in court, regardless of what that individual is doing or saying?

29.    Have you ever been a victim of crime or have you witnessed a crime?  If so, describe the circumstances.  Could you still be fair and impartial and decide the case solely on the evidence?

30.    Is there any reason that you could not give your full attention to this trial?

31.    Do you have any particular feeling about prisoner lawsuits?

32.    Do you have any particular feelings about prisoners generally?

33.    Do you have any feeling about law enforcement personnel?

34.    Do you belong to any clubs or organizations?  What are they?  Any groups that deal with law enforcement issues?

35.    How did you feel when you received jury notice?

36.    Do you want to serve on a jury?

37.    Is there any reason why you could not be fair and impartial, putting aside all of your prejudices and preconceived notions and decide this case solely on the evidence introduced at trial and strictly follow the Court's instructions as to the law to be applied to the facts?

## Exhibit 7

Plaintiff Christopher Rodriguez ("Plaintiff") hereby requests that the Court instruct the jury as follows. Plaintiff also requests permission to supplement or revise these instructions as necessary prior to, during, and subsequent to the close of evidence at trial.

BURDEN OF PROOF

Mr. Rodriguez asserts claims under a federal civil rights law known as 42 United States Code Section 1983. I will refer to this federal law as "Section 1983." The law provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law.

The plaintiff has the burden of proving each and every element of his selection 1983 claim by preponderance of the evidence. The defendants has the burden of proving each element of his affirmative defenses. I shall shortly instruct you on the elements of these defenses. If you find that any of the elements of the defendants' have not been proven by a preponderance of the evidence, you must disregard the defense.

In order to meet his burden of proof, a party must satisfy you that his claims on an issue are more probable than not. You may have heard in criminal cases that proof must be beyond a reasonable doubt, but I must emphasize to you that this is not a criminal case, and you are not deciding criminal guilt or innocence. In civil cases such as this one, a different standard of proof applies. The party who asserts a claim has the burden of proving it by a fair preponderance of the evidence, that is, the better or weightier evidence must establish that, more probable than not, the assertion is true.

When weighing the evidence, keep in mind that it is the quality and not the quantity of evidence that is important; one piece of believable evidence may weigh so heavily in your mind as to overcome a multitude of less credible evidence. The weight to be accorded each piece of evidence is for you to decide. An example of what I mean, imagine in your mind the scales of justice. Put all the credible evidence on the scales regardless of which party offered it, separating the evidence favoring each side. If the scales remain even, or if they tip against the party making the claim, then that party has failed to establish that assertion. Only if the scales incline, even slightly, in favor of the assertion may you find the assertion has been proved by a fair preponderance of the evidence.

Authority: *Gomez v. Toledo*, 446 U.S. 635 (1980); *Alexander v. Alexander,* 706 F.2d

751 (6th Cir. 1983); Seventh Circuit: *Beard v. Mitchell,* 604 F.3d 485 (7th Cir. 1979); *Bueller v. Buechler*, 706 F.2d 844 (8th Cir. 1983); *Landrum v. Moats*, 576 F.2d 1320 (8th Cir. 1978); *McGhee v. Draper*, 564 F.2d 902 (10th Cir. 1979). See also, *Titanti v. William Raveis Real Estate, Inc*., 231 Conn. 690, 702 (1995); *Holmes v. Holmes*, 32 Conn. App. 317, 318, cert. denied, 228 Conn. 902 (1993); Connecticut Jury Instructions 3.2-1, Standard of Proof.

## 42 U.S.C. SECTION 1983

The law to be applied to the claims in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. Section 1983 of Title 42 of the United State Code states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United State or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law, shall be liable to the party injured in action at law, suit in equity, or other proper proceedings for redress.

Authority: Jury Instructions given in the case of *King v. Crose,* et al., Civil No. 3:93CV1273(AHN).

## SECTION 1983: THE ELEMENTS

The plaintiff claims that his constitutional rights were violated because the defendants used excessive force when they forcibly removed him from the courtroom. To prevail on this claim, the plaintiff must prove among other things, by a preponderance of evidence, each of the following elements as to each claim of constitutional violation:

First, that defendants acted under the color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States, and

Third, that the defendants' acts were the proximate cause of any damages sustained by the plaintiff.

An act is intentional if it is done knowingly; that is, if it is done voluntarily and deliberately and not because of accident, mistake, negligence or other innocent reason. An act is reckless if it is done in conscious disregard of its

known probable consequences. In determining whether a defendant acted intentionally or recklessly, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.

Therefore, you have to depend on what was done and what the people involved said were in their minds, and your belief or disbelief with respect to those facts. Here, the parties agree that the defendants acted under color of state law, so you need not consider that issue. Keeping these general requirements of a § 1983 civil rights claim in mind, I shall now instruct you concerning the specific constitutional rights of which the plaintiff claims were violated.

Authority: Charge to jury delivered by the Honorable Jose A. Cabranes in *James F. Althan, Jr. v. Philip Beamon,* Civil No. N-86-387 (JAC) (D.Conn. April 8, 1991), at 17; Sand, Instructions 87-68-77 (significantly adapted). *Outlaw v. City of Meriden*, 43 Conn. App. 387, 291 (1996); *Brodrib v. Doberstein*, 107 Conn. 294, 296 (1928).

SPECIFIC INTENT TO VIOLATE CIVIL RIGHTS NOT NECESSARY

It is not necessary to find that the defendants had any specific intent to deprive the plaintiff of his civil rights in order to find in favor of the plaintiff. The plaintiff is entitled to relief if the defendant intended the actions which resulted in the violation of the plaintiff's rights or if the defendant acted in reckless disregard of the plaintiff's rights.

An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, inadvertence, accident, or negligence (meaning lack of due care) on the part of the defendant. An act is reckless if it is done in conscious disregard of its known probable consequences—that is, not caring whether the plaintiff's rights were being violated. In determining whether the plaintiff proved that the defendant acted intentionally or with reckless disregard of the plaintiff's rights, remember that, while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said were in their minds and your belief or disbelief with respect to those facts.

Authority: *Merriweather v. Couglini,* 879 F.2d 1037 (2d Cir. 1989); *Bordonaro v. McLeod,* 871 F.2d 1151 (1st Cir. 1989); *Stengel v. Belcher,* 522 F.2d 438 (6th Cir 1975); *Woods v. Ostrander*, 879 F.2d 583 (9th Cir. 1989); *Caballero v. City of Concord*, 956 F.2d 204 (9th Cir. 1992); *Presnick v. Santoro*, 832 F. Supp. 521 (D. Conn. 1993).

PLAINTIFF'S FOURTH AMENDMENT RIGHTS: EXCESSIVE FORCE

The Fourth Amendment to the United States Constitution provides to every citizen the right to be secure in his or her person against unreasonable seizures by the police. A "seizure" or arrest is reasonable and lawful if it is supported by probable cause. A law enforcement officer is entitled under the law to use reasonable force if necessary to make an arrest, and for certain other purposes. However, a law enforcement officer may not use force which is excessive, even if he is making a lawful arrest. Whether or not a law enforcement officer is justified in using force to complete an arrest, and if so how much force that officer is justified in using, are determined by the Fourth Amendment standard of "reasonableness".

The plaintiff contends that defendants used force which was unreasonable under the circumstances. You must therefore decide whether the plaintiff has proved that he was subjected to excessive force by the defendants.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer. The reasonableness inquiry is an objective one. The question is whether the defendant law enforcement officers' actions are objectively reasonable in light of the facts and circumstances confronting them. The amount of force and other acts employed by police during an arrest should be those reasonably necessary to accomplish the purpose of the arrest, control the situation and protect the officer or others during the arrest.

In weighing the conduct of the law enforcement officers, you must give due consideration to legitimate concerns for their safety. The officers at the scene may properly consider such factors as the nature of the crime involved, whether the suspect poses an immediate threat to them or others, and whether he is actively resisting arrest or attempting to avoid arrest by fleeing. Therefore, in examining the claim of the plaintiff that excessive force was used against him, you must look at the situation from the perspective of a reasonable officer on the scene at that moment, taking into consideration all the circumstances which you find to have existed at the time. The question is, were the defendants' conduct within a reasonable range of appropriate police responses.

If you find from the evidence in this case that the defendants used more force against the plaintiff than might have appeared to a reasonable law enforcement officer in similar circumstances to be necessary, then you must find that the defendants used excessive force against the plaintiff, contrary to the Constitution of the United States.

Authority: *Saucier v. Katz*, 121 S.Ct. 2151 (2001); *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. at 1865 (1989).

PLAINTIFF'S EIGHTH AMENDMENT RIGHTS

The plaintiff Christopher Rodriguez asserts that the defendants violated his Eighth Amendment rights because the defendants were deliberately indifferent to his safety in connection with his transport from Rockville Superior Court, and, with respect to Defendants Savoie and Olson, with respect to his conditions of confinement.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. It requires prison officials to "take reasonable measures to guarantee the safety of inmates in their custody In order to prevail on this claim, Mr. Rodriguez must show (1) that the prison officials' transgression towards his safety was sufficiently serious, and (2) that the defendants acted with deliberate indifference to his personal well being.

To prove that the defendants acted with deliberate indifference to his health, safety, or mental or physical wellbeing, the plaintiff needs to show that the defendants knew of and disregarded an excessive risk to inmate health or safety. However, you do not need direct evidence of knowledge. You may conclude that a prison official was aware of the risk based on evidence that the risk was obvious or otherwise must have been known to that official. In other words, prison officials were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and drew the inference.

Authority: U.S. Const. amend. VIII.; *Phelps v. Kapnolas,* 308 F.3d 180, 185 (2d Cir. 2002); *Walker,* 717 F.3d at 125 ; Phelps, 308 F.3d at 185.; *Reynolds v. Arnone*, 402 F. Supp. 3d 3, 22 (D. Conn. 2019) (Underhill, J,), aff'd in part, vacated in part, remanded sub nom. *Reynolds v. Quiros*, 990 F.3d 286 (2d Cir. 2021).

STATE LAW ASSAULT AND BATTARY

Mr. Rodriguez has also alleged that Defendants are liable for claims of assault and battery under Connecticut Law. To prove his claims, Mr. Rodriguez must show that (a) a person acts intending to cause a harmful or offensive contact with the person of the other or a third person . . . and (b) a harmful contact with the person of the other directly or indirectly results. "Liability for assault arises if (a) a person acts intending to cause a harmful or offensive contact with the person of the other . . . and (b) the other is thereby put in such imminent apprehension. To constitute an actionable assault and battery there must have been an unlawful force applied to one person by another. A defendant may also be liable for aiding and abetting with an assault and battery.

Authority: *Simms v. Chaisson*, 277 Conn. 319, 331 (2006) (citing Restatement (Second), Torts § 13 (1965)). *Moriarty v. Lippe,* 162 Conn. 371, 389 (1972). See *Master−Halco, Inc. v. Scillia, Dowling & Natarelli, LLC*, 739 F. Supp. 2d 109, 121 (D. Conn. 2010).

## QUALIFIED IMMUNITY

The defendants in this case have raised the defense of qualified immunity. Under this doctrine, even if you find that the defendant's alleged use of force was unreasonable, the law shields them from liability unless you further find that their conduct violated clearly established constitutional standards relating to the reasonableness of the use of force on the date in question. On this issue, the defendants have the burden of proof.

At the time of the incident giving rise to this lawsuit, it was clearly established that a person had a constitutional right to be free from an unreasonable use of force by police. Where rights or the law are clearly established, a law enforcement officer may only be held liable if it was objectively reasonable for him to believe that his acts were lawful.

In deciding whether the actions of either defendant law enforcement officer was objectively reasonable, you may consider the nature of a law enforcement officer's official duties, the character of his official position, the information which was known to him or not known to him, and the event which confronted him. You must ask yourself how a reasonable police officer in the defendant's situation would have acted.

## DAMAGES: GENERAL

I shall now instruct you on the issues of damages. You should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the element of damages. It is exclusively your function to decide the issue of liability, and I am instructing you on elements of damages solely so that you will have guidance should you decide that the plaintiff is entitled to recovery.

## INSTRUCTIONS ON DAMAGES

If the plaintiffs have proven by a preponderance of the credible evidence that one or more of the defendants are liable on any of the plaintiff's claims, then you must determine damages to which the plaintiff is entitled. You should not consider the question of damages at all, unless you have first determined that one or more of the defendants did violate the plaintiff's constitutional rights and that those defendants are not entitled to qualified immunity.

Authority: *Eulo v. Deval Aerodynamics, Inc.* 47 F.R.D. 35 (E.D. Pa. 1969), modified on other grounds, 430 F.2d 325 (3d Cir. 1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1189. 28 L.Ed.2d 322 (1971); *Krieger v. Bausch*, 377 F.2d 398 (10th Cir. 1967).

## COMPENSATORY DAMAGES

The first kind of damages is compensatory damages. Compensatory damages represent a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You shall award actual, or compensatory, damages only for those injuries which you find plaintiffs have proven by a preponderance of the evidence to have been the direct result of conduct by a defendant. That is, you may not simply award actual damages for any injury suffered by the plaintiff. Compensatory, or actual, damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. You may award compensatory damages only for those injuries which were proximately caused by the conduct of one or more of the defendants.

Authority: *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 51 S. Ct. 28 (1931); *Kinty v. United Mine Workers of America*, 544 F.2d 706 (4th Cir. 1976), cert. denied, 429 U.S. 1093 (1977); *Northwestern National Casualty Co. v. McNulty*, 307 F.2d 432 (5th Cir. 1962); *U.S. Castings Co. v. Knight*, 754 F.2d 1363 (7th Cir. 1985); *Luria Brothers & Co. v. Pielet Brothers Scrap Iron Metal, Inc.*, 600 F.2d 103 (7th Cir. 1979).

## DAMAGES: PROXIMATE CAUSE

As to each of these claims, it is also necessary for the plaintiff to prove by a fair preponderance of the evidence that any wrong done him — deprivation of civil rights under 1983, state constitutional violations, assault and battery, and intentional infliction of emotional distress — was a proximate cause of injury or loss to him. The test for proximate cause is simply this: was the act complained of a substantial factor in causing the injury or loss.

The plaintiff must prove that the defendants' acts were the proximate cause of any injuries actually sustained. Proximate cause means that there must be a sufficient casual connection between the unlawful conduct of a defendant and any injury or damage sustained by the plaintiff. A defendant's unlawful conduct is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's conduct. If an injury was a direct

result of a reasonably probable consequence of a defendant's unlawful conduct, it was proximately caused by such unlawful conduct.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant(s).

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

You may award damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendants in violation of the law.

DAMAGES: SPECULATION

You must not speculate or guess as to damages. It is the plaintiff's burden to prove each element, item, and amount of damages, not the defendant's burden to disprove them. On the other hand, proof of damages to mathematical precision is not required.

Damages need not be proven with exactitude. All that is required is that the preponderance of the evidence, with such certainty as the case may permit, lays a foundation that will enable you to estimate fairly the amount of damages sustained by the plaintiff.

If you find that the defendants are liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages. There are essentially two kinds of damages which can be awarded in a lawsuit – compensatory damages and punitive damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering.

Authority: 2 Devitt & Blackmar, Instructions §85.14.

In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonable and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendants. Among the elements of injury and harm for which

compensation may be awarded are:

      a. The physical harm to the plaintiff during and after the impairment;

      b. The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;

      c. Lost wages or earnings;

      d. Attorney fees or other expenses and costs of legal representation;

      e. Medical bills or expenses.

      Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you.

Authority: *Memphis Community School District v. Stachura*, 477 U.S. 299 (1986); *Wheatley v. Beetar*, 637 F. 2d 863, 865-68 (2d Cir. 1981); *Ellis v. Blum*, 643 F.2d 68, 82-84 (2d Cir. 1981); *Walters v. City of Atlanta*, 803 F. 2d 1135 (11th Cir. 1986); *Johnson v. Franklin*, 112 Conn. 228, 229, 152 Atl. 64 (1930); *Childs v. Bainer*, 35 Conn. App. 301, 304 (1994); *Creem v. Cicero*, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); *Jeffries v. Johnson*, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).

PUNITIVE DAMAGES

      If you decide to award compensatory or nominal damages to the plaintiff, you may then consider whether or not to award them punitive damages. The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct and to serve as an example or warning to others not to engage in wrongful conduct. In a case like this one, you may consider whether acts or omissions of the defendants, if you find them to have been proved, were so serious that the defendants should pay a penalty so that in the future others will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be based on whether you find that there have been malicious actions by the defendants in gross disregard of the plaintiff's rights.

If you find that the act of the defendant was done maliciously, wantonly, or in

reckless or callous disregard or indifference to the rights of the plaintiff, then you may award punitive damages as you find proper.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury. However, you must bear in mind that punitive damages are only allowed if you have first found that the plaintiff is entitled to compensatory damages, even if such damages are nominal. You must also bear in mind that the law requires that punitive damages, if awarded, be fixed with calm discretion and sound reason. They must never be awarded, or fixed in amount, because of bias, sympathy or prejudice with respect to any party to the case.

Authority: *Memphis Community School District v. Stachura,* 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); *Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); *City of Newport v. Fact Concerts, Inc.,* 453 U.D. 247, 101 S.C5. 2748, 69 L.Ed.2d 616 (1981); *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Carey v. Piphus,* 435 U.S. 247. 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); *Vasbinder v. Ambach,* 926 F.2d 1333 (2d Cir. 1991). *Smith v. Wade,* 461 U.S. 30 (1983); *Stolberg v. Board of Trustees,* 474 F.2d 489 (2dCir. 1973); *McFadden v. Sanchez,* 710 F.2d 907 (2d Cir. 1983); S*avarese v. Agriss,* 883 F.2d 1194, 1204 (3d Cir. 1989); *Larez v. City of Los Angeles,* 946 F.2d 630, 648-49 (9th Cir. 1991); *Wright v. Sheppard,* 919 F.2d 665, 670-73 (11th Cir. 1990).

Exhibit 8

<u>Defendants' Proposed Jury Instructions</u>

The defendants hereby request that the Court instruct the jury as follows.
The defendants also request permission to supplement or revise these instructions
as necessary prior to, during, and subsequent to the close of evidence at trial

**Proposed Jury Instruction No. 1:**

<u>PERSONAL INVOLVEMENT</u>

There are three defendants in this case, Brandon Johndro, Michaela Muller, and
Jerry Chrostowski, and they are being sued individually and are each responsible
only for their own actions. At all times relevant to this action, the defendants were
employees of the State of Connecticut. In particular, Brandon Johndro and
Michaela Muller were employed by the Connecticut Superior Court as judicial
marshals while Jerry Chrostowski was employed by the Connecticut Office of the
State's Attorney as an investigator.

Each Government official, his or her title notwithstanding, is only liable for his
or her own misconduct. To hold any defendant liable in this case as to the plaintiff's
Fourteenth Amendment claims, the plaintiff bears the burden of establishing the
personal involvement of the defendant in a Fourteenth Amendment violation. That
is, the plaintiff must establish by a preponderance of the evidence the elements of
his Fourteenth Amendment claim *directly* against the defendant. The elements of
the plaintiff's Eighth Amendment claims are detailed later in these instructions. If

there is insufficient evidence that a defendant was personally involved, then you must find against the plaintiff and in favor of that defendant.

You must therefore consider the plaintiff's allegations against each defendant and decide whether he has proven by a fair preponderance of the evidence that the defendant has committed the acts or omission which the plaintiff has alleged and that this was the proximate cause of the plaintiff's injury. I will explain the phrase "proximate cause" in a few minutes.

**Authority:** *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020); *Spavone v. New York State Dept. of Correctional Services*, 719 F.3d 127 (2d Cir. 2013).

**Proposed Jury Instruction No. 2:**

## IMPEACHMENT BY FELONY CONVICTION

You have heard evidence that the plaintiff was previously convicted of crimes punishable by more than one year in jail. These prior convictions were put into evidence for you to consider in evaluating the plaintiff's credibility. Therefore, when evaluating the plaintiff's credibility, you may factor in these convictions in deciding how much of his testimony to accept and what weight, if any, it should be given.

**Authority:** Fed. R. Civ. P. 609(a); see also *Sims v. Blot*, 354 Fed. Appx. 504 (2d Cir. 2009).

**Proposed Jury Instruction No. 3:**

## ISSUES AND CLAIMS IN THIS CASE

The plaintiff in this case, Christopher Rodriguez, claims that the defendants, Brandon Johndro, Michaela Muller, and Jerry Chrostowski, used excessive force against him during an incident that occurred on May 4, 2022, while Mr. Rodriguez was on trial for a criminal offense in the Connecticut Superior Court located in New Britain.  Mr. Rodriguez claims that the defendants' alleged use of excessive force violated his Fourteenth Amendment right to be free from cruel and unusual punishment.  Mr. Rodriguez also claims that the defendants' alleged use of excessive force constituted an assault under Connecticut law.

The defendants' deny that they deprived Mr. Rodriguez of his rights under the Eighth Amendment and deny that they committed a State law assault.  I will soon explain to you the specific legal standards that you must apply to each of the plaintiff's claims in this case.

**Proposed Jury Instruction No. 5:**

<u>SECTION 1983</u>

The plaintiff's action is brought against each of the defendants in their individual capacities pursuant to 42 U.S.C. § 1983. This is a federal statute that provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.  It states, in relevant part:

> Every person who, under color of [state law] . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured in an action at law. . . ."

The federally protected right asserted by the plaintiff in this case arises from the Fourteenth Amendment to the United States Constitution. More specifically, the plaintiff asserts a Fourteenth Amendment claim of excessive force against the defendants. I will soon provide you instructions on the elements that the plaintiff must prove by a preponderance of the evidence to establish his Eighth Amendment claim against the defendants; however, I first want to instruct you on the general requirements of a Section 1983 claim.

To establish his claim under Section 1983, the plaintiff bears the burden of establishing by a preponderance of the evidence the following three elements:

i.   First, that the defendant acted under color of authority of the State of Connecticut;

ii.  Second, that the defendant's conduct deprived the plaintiff of a constitutional right; and

iii. Third, that the acts of the defendant were the proximate or legal cause of the plaintiff's injuries.

The plaintiff cannot recover any damages against the defendants unless he has established by a preponderance of the evidence each of these three elements. I shall now explain each of these elements in greater detail.

<u>FIRST ELEMENT: ACTION UNDER COLOR OF STATE LAW</u>

The first element that the plaintiff must prove is that the defendants were acting under color of state law during the events at issue in this case. The defendants acknowledges that they were employed by, and working for, the State of

Connecticut during the alleged events in this case. Therefore, this first element is not in dispute in this case.

SECOND ELEMENT: DEPRIVATION OF A CONSTITUTIONAL RIGHT

The second element of the plaintiff's claim that he must prove by a preponderance of the evidence is that the defendant deprived him of a federally protected right. Keeping the general requirements of a Section 1983 claim in mind, I shall now instruct you concerning the specific constitutional right of which the plaintiff claims he was deprived: his rights under the Fourteenth Amendment.

To establish a claim of excessive force under the Fourteenth Amendment, the plaintiff bears the burden of proving, by a preponderance of the evidence, that the force purposely or knowingly used against him by the defendants or defendant was objectively unreasonable. Whether a use of force is objectively reasonable turns on the facts and circumstances of each particular case. Not every push or shove, even if it may later seem unnecessary with the benefit of hindsight, violates a prisoner's rights; rather, the determination of reasonableness must be made from the perspective of a reasonable officer on the scene, including what the officer knew at the time.

Various considerations may bear on the reasonableness or unreasonableness of the force used, including the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security

problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was resisting or non-compliant.

**Authority:**    Authority for this section derives from Modern Federal Jury Instructions    87.03, Instruction 87-68; *Parratt v. Taylor*, 451 U.S. 527 (1981); *Riddick v. Napiello*, No. 3:07-CV-1029 (HBF), 2008 WL 5226276, at *2 (D. Conn. Dec, 11, 2008) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988); *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984)); see also 42 U.S.C. § 1983; *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015).

**Proposed Jury Instruction No. 8:**

### THIRD ELEMENT: PROXIMATE CAUSE

The third element that the plaintiff must prove by a preponderance of the evidence to establish his federal constitutional claims under Section 1983 is that the conduct of the defendants was a proximate cause of his claimed injuries or damages.

Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendants, and any injury or damage allegedly sustained by the plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing the injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's acts or omissions, it was proximately caused by such act or omission.  In other words, if the defendant's act or omission had such an effect in producing the injury that a reasonable person would regard it as being a cause of the injury, then the act or omission was the proximate cause.

To recover damages for any injury, the plaintiff must prove by a preponderance of the evidence that the injury would not have occurred without the conduct of the defendant. If you find that the injury that the plaintiff complains about would have occurred, or did occur, in the absence of the defendants' conduct, you must find that they did not proximately cause the plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of the injury or damage. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury. The defendants are not liable if the plaintiff's injury was caused by a new or independent source which intervenes between his acts or omissions and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant. Nor would the defendants be liable if the plaintiff caused his own injuries through his own behavior or actions, or if any injury he suffered was caused by events or occurrences outside the control of the defendants.

If you find that the plaintiff has proven all three of the elements of his Section 1983 claim by a preponderance of the evidence with respect to either of his Eighth Amendment claims, you should find the defendants liable as to that claim. If you find that the plaintiff has not proven each of these three elements with to respect to his Eighth Amendment claims, you should find the defendants not liable and return a verdict in the defendants' favor as to that claim. Remember that the claims against each of the four individual defendants must be considered separately by you. The

fact that you may find one of the defendants is or is not liable does not determine your verdict as to any of the other individual defendants.

**Authority:**    Authority for this section derives from Modern Federal Jury Instructions, ¶87.08, Instruction, 87-79; *Graham v. Western Line Consolidated School District*, 439 U.S. 410 (1979); *Mt. Healthy School District Board of Educ. v. Doyle*, 429 U.S. 274 (1977); Court's Instruction to the Jury in *Brodeur v. Champion*, No. 3:17:CV-1738 (RMS), ECF #86, pp. 20-21, (D. Conn. Aug. 23, 2019).

**Proposed Jury Instruction No. 9:**

## ELEMENTS OF CONNECTICUT STATE ASSAULT & BATTERY CLAIM

In addition to the federal constitutional claims raised by the plaintiff in this case, the plaintiff has also raised a claim under Connecticut state law for assault and battery against the defendants. When considering the plaintiff's state law claim, you are bound to apply the law of the State of Connecticut, which I will now instruct you on.

Under Connecticut law, an "assault" is an intentional act that causes another person to be placed in imminent apprehension of a harmful or offensive contact with that person. Actual, physical contact is not necessary to prove an assault under Connecticut law. The plaintiff must have believed that the act would result in imminent contact unless prevented by self-defensive action or flight or the intervention of some outside force. A "battery" is a harmful or offensive contact with the person of another that was the direct and immediate consequence of a force exerted by the defendant. An offensive contact is one that offends a

reasonable sense of personal dignity.  A harmful contact is one that causes physical impairment of the condition of another's body, physical pain, or illness.

The act must have been done by the defendant intentionally, wantonly, or without the exercise of due care.  An intentional act is one where the injury results from an act done for the purpose of causing the injury or with knowledge that the injury is substantially certain to follow.  A wanton act, which is the equivalent of a reckless act, is conduct that evinces a reckless disregard of the consequences of the act and tends to entail highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.

The defendants in this action were employed in roles classified as "peace officers" under Connecticut law.  A peace officer, as others, is justified under state law to use reasonable physical force upon another person to defend himself or a third person from what he reasonably believes to be the use or imminent use of physical force, and he may use such degree of force which he reasonably believes to be necessary for such purpose.  A peace officer may also use physical force against another to the extent that he or she reasonably believes is necessary to effect a warrant arrest or to prevent an escape from custody.

Furthermore, you may only find for the plaintiff if he establishes that the defendant wantonly, recklessly, or maliciously used force against the plaintiff. Conduct that is wanton, reckless, or malicious requires a state of consciousness that is more than negligence, more than gross negligence.  Such conduct must

demonstrate a reckless disregard of the just rights or safety of others or of the consequences of the action. It involves an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.

**Authority:** Authority for this section derives from the Court's Instruction to the Jury in *Brodeur v. Champion*, No. 3:17:CV-1738 (RMS), ECF #86, pp. 15-16, (D. Conn. Aug. 23, 2019); see also *Maselli v. Reg'l Sch. Dist. No. 10*, 198 Conn. App. 643 (2020); *Margolies v. Millington*, No. 3:16-CV-1872 (JCH), 2019 U.S. Dist. LEXIS 38348 (D. Conn. Mar. 11, 2019) (citing Connecticut Judicial Branch Civil Jury Instructions § 3.13-1, Assault and § 3.13-2, Battery); Conn. Gen. Stat. §§ 53a-3 (9), 53a-19 (a), and 53a-22; Conn. Gen. Stat. Sec. 4-165; *Martin v. Brady*, 261 Conn. 372 (2002).

**Proposed Jury Instruction No. 10:**

<u>INSTRUCTIONS ON DAMAGES</u>
<u>Consider Damages Only if Necessary</u>

If you determine that the plaintiff has proven by a preponderance of the evidence that the defendants are liable as to any of the plaintiff's claims, then you must determine the damages, if any, to which the plaintiff is entitled for that claim. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. The fact that I am instructing you on the subject of damages does not mean that I have an opinion one way or the other on whether you should or should not reach the issue of damages in your deliberations. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance as to how you

should proceed to determine damages, should you decide that the plaintiff is entitled to recover.

If the plaintiff fails to prove the elements of his claims against the defendants, then the defendants have prevailed on the issue of liability, and you should not consider the issue of damages. Only if the plaintiff has proven by a preponderance of the evidence that the defendants are liable as to a particular claim, should you then address the issue of damages as to that claim.

**Authority:** Authority for this section derives from the Court's Instruction to the Jury in *Brodeur v. Champion*, No. 3:17:CV-1738 (RMS), ECF #86, p. 22 (D. Conn. Aug. 23, 2019).

**Proposed Jury Instruction No. 11:**

<u>General Instructions on Damages</u>

In respect to the damages claimed, as in respect to every other matter before you, you can award only such damages as are justified by the proof and the law. The burden is on the plaintiff to satisfy you by a fair preponderance of the evidence as to the extent and nature of the losses he suffered as a result of the acts or omissions of the defendants. It is not the defendants' burden to disprove the claimed losses.

When monetary damages are sought in a lawsuit brought under section 1983, as is the case here, the burden is on the plaintiff to prove that each defendant against whom money damages are sought was personally involved in or responsible for the alleged violation of the plaintiff's constitutional rights. That is, the plaintiff must establish, by a preponderance of the evidence, the elements of his underlying

claims *directly* against the defendant he seeks to hold liable.  If you find under the previous instructions that the defendants are liable to pay for damages, you must state what are the just damages that you have determined.

This case involves multiple defendants.  Therefore, you must be careful to impose any damages that you may award only against the defendant or defendants that the plaintiff has proved liable.  The fact that the plaintiff proves that one defendant is liable does not necessarily mean that another defendant is liable as well.  Each defendant is entitled to a separate and individual consideration of his or her liability without regard to your decision on any other defendant.  If the plaintiff proves that a particular defendant is liable and responsible for a particular injury, you must impose damages for that particular injury upon that particular defendant. This requires you to estimate the dollar amount of the plaintiff's injuries that is attributable to a particular defendant's conduct.  The law calls this apportionment.

It is not always possible to apportion damages to a particular defendant's conduct.   The plaintiff, however, may be able to prove that more than one defendant is liable for a particular injury.  If two or more persons united in an intentional act that violated the plaintiff's rights, all of those persons are jointly liable for the violation of the plaintiff's rights.  The law does not require the injured party to establish how much of the injury was done by each particular defendant that is shown to be liable.  So, if the plaintiff proves that the defendants who are liable acted jointly, then you may treat them jointly for purposes of assessing damages.  If he proves that two or more of the defendants are jointly liable on a

particular claim, you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages. Each defendant would then be liable for the overall damages. The plaintiff, however, would be able to recover only once for his injuries, as the law does not allow for double recoveries.

In this regard, you should keep in mind that although the defendants are employees of the State of Connecticut, they are being sued in his individual capacity and hence are exposed to damages which you award against them in their individual capacities.

Our law permits counsel for any party to argue to the jury his or her view of the proper amount of damages. You should understand, however, that what a lawyer says about the amount of damages during closing arguments is not evidence but only argument. The determination of the amount to be awarded, if any, is solely your function and in your deliberations, you may accept or disregard any argument on the amount of damages made by either party.

I will now explain the different categories of damages in this case.

**Authority:** Authority for this section derives from the Court's Instruction to the Jury in *Brodeur v. Champion*, No. 3:17:CV-1738 (RMS), ECF #86, pp. 22-24, (D. Conn. Aug. 23, 2019); see also *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020).

Proposed Jury Instruction No. 12:

<u>COMPENSATORY DAMAGES</u>

The first category of damages is compensatory damages. The purpose of compensatory damages is to compensate the plaintiff for the damages or injuries sustained due to any violations of the law that he has proven by a preponderance of the evidence. Compensatory damages are limited to restoring a plaintiff, as far as money can, to the position he would have been in had the harm not occurred. They are not awarded to punish a defendant for unlawful actions.

Our laws impose certain rules to govern the award of compensatory damages in any case where liability is proven. Just as the plaintiff has the burden of proving liability by a preponderance of the evidence, he has the burden of proving his entitlement to recover compensatory damages by a preponderance of the evidence. To that end, the plaintiff must prove both the nature and extent of the loss or injury for which he seeks to recover damages and that the loss or injury in question was proximately caused by the defendant's misconduct.

Compensatory damages seek to make the plaintiff whole, that is, to compensate him for the damages that he has suffered. Compensatory damages are not limited merely to expenses that the plaintiff may have borne; but also, may be awarded for the physical injury, pain and suffering, or shock and discomfort that the plaintiff has suffered because of the defendant's conduct. I remind you that you may award compensatory damages only for injuries that the plaintiff has proven were proximately caused by the defendants' alleged wrongful conduct. Even if you find that the plaintiff has established that the defendants are liable, you may find that the plaintiff has failed to prove that he suffered any injury or losses which

would entitle him to compensatory damages.  In other words, even if you find the defendants liable, you may find that the plaintiff is not entitled to compensatory damages.

Emotional distress damages are a type of compensatory damages; however, it is important to note that, with respect to the plaintiff's Fourteenth Amendment claims, he may not recover compensatory damages for emotional or mental distress alone. Rather, the plaintiff may only recover for emotional and mental distress if he first establishes that he suffered a physical injury that was proximately caused by acts of the defendants.  The plaintiff must also prove that the physical injury that he suffered is more than *de minimis*, that is, so minor as to warrant being disregarded. Again, you may not award any compensatory damages to the plaintiff on his Fourteenth Amendment claims if you find that he has only proven mental or emotional harm.  This physical injury requirement does not apply with respect to the plaintiff's state law claim.

The compensatory damages that you award, if any, must be fair and reasonable, neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff has actually suffered or which he is reasonably likely to suffer in the near future.  Your award, if any, should be in accordance with the nature and extent of such injuries and the length of time that the plaintiff is reasonably expected to endure their negative consequences.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law

does not require the plaintiff to prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.  In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence. The decision to award compensatory damages, if any, is to be guided by dispassionate common sense.

**Authority:** Authority for this section derives from: the Court's Instruction to the Jury in *Brodeur v. Champion*, No. 3:17:CV-1738 (RMS), ECF #86, pp. 25-26, (D. Conn. Aug. 23, 2019); 42 U.S.C. § 1997e; *Thompson v. Carter*, 284 F.3d 411 (2d Cir. 2002); *Liner v Goord*, 196 F.3d 132, 135 (2d Cir. 1999); 3B Fed. Jury Prac. & Inst. (6th ed.); Pattern Civ. Jury Instr. 5th Cir. 15.2 (2009)**.**

**Proposed Jury Instruction No. 13:**

<u>NOMINAL DAMAGES</u>

The second category of damages are nominal damages.  This category of damages only applies to the plaintiff's Fourteenth Amendment claims.  If you determine that the plaintiff has proven his Fourteenth Amendment claims by a preponderance of the evidence but find that he failed to prove that he suffered any actual damages or injury, then you may award the plaintiff what are known as nominal damages.  If you determine that nominal damages are appropriate, then you may award the plaintiff nominal damages in the amount of one dollar ($1.00). You may not, however, award both compensatory and nominal damages.

**Authority:**  Authority for this section derives from: the Court's Instruction to

the Jury in *Brodeur v. Champion*, No. 3:17:CV-1738 (RMS), ECF #86, pp. 26-27, (D. Conn. Aug. 23, 2019); *Carey v. Piphus*, 435 U.S. 247 (1978); *see also Ali v. Kipp*, 891 F.3d 59, 64 (2d Cir. 2018) (affirming District Court's award of $1 in nominal damages to the plaintiff in § 1983 action).

**Proposed Jury Instruction No. 14:**

<u>PUNITIVE DAMAGES</u>

The final category of damages are punitive damages.  If, an only if, you award the plaintiff compensatory or nominal damages on a particular claim, then you may proceed to consider whether to award punitive damages.  As the name suggests, punitive damages are designed to make an example of or to punish a wrongdoer. The decision to award punitive damages, if any, is completely discretionary.

In making the decision whether to award punitive damages against any individual defendant, you should consider the underlying purpose of punitive damages.  Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct and to deter a defendant and others like him or her from engaging in such conduct in the future.  Punitive damages are intended to protect the community and to express the jury's indignation at the misconduct.  The law does not require you to award punitive damages.  It should be presumed that a plaintiff has been made whole by compensatory damages, so punitive damages should be awarded against a defendant only if that defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

You may award the plaintiff punitive damages against the defendants with respect to the plaintiff's Fourteenth Amendment claims if you find that the defendants acted maliciously or wantonly.  An act or failure to act is maliciously done if it is prompted by ill will or spite toward the injured person or by some improper motive.  An act or failure to act is wanton if done in reckless disregard or callous indifference to the rights of the injured person.  The plaintiff has the burden of proving by a preponderance of the evidence that the defendants acted maliciously or wantonly with regard to the plaintiff's rights.  An intent to injure exists when the defendant has a conscious desire to violate rights of which he is aware, or when the defendant has a conscious desire to injure a plaintiff in a manner he knows to be unlawful.  However, a conscious desire to perform the physical acts that caused a plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that the defendant has a conscious desire to violate rights to injure a plaintiff unlawfully. Punitive damages should be awarded against a defendant only if the defendant's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

 If you find by a preponderance of the evidence that the defendants acted with malicious intent to violate the plaintiff's rights or unlawfully injure him, or if you find that the defendants acted with callous or reckless disregard of the plaintiff's rights, then you may award punitive damages.

Importantly, an award of punitive damages is completely discretionary.  That is, if you find that the legal requirements for punitive damages are satisfied, then you

may decide to award punitive damages, or you may decide not to award them. You must also bear in mind that the law requires that punitive damages, if any, must be fixed with calm discretion and sound reason. The amount of punitive damages, if any, must be reasonable. Punitive damages must never be awarded because of bias, sympathy, or prejudice with respect to any party to the case. In short, whether to award punitive damages and, if so, the amount of punitive damages, are issues entrusted to your sound judgment and discretion.

**Authority:** Authority for this section derives from: the Court's Instruction to the Jury in *Brodeur v. Champion*, No. 3:17:CV-1738 (RMS), ECF #86, pp. 27-28, (D. Conn. Aug. 23, 2019); *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Tolbert v. Queens College*, 242 F.2d 58, 74 (2d Cir. 2001); *McFadden v. Sanchez*, 710 F.2d 907, 914 (2d Cir. 1983), *cert. denied*, 464 U.S. 961 (1983); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003).

### DEFENDANTS' NOTICE RE: DETERMINATION OF QUALIFIED IMMUNITY

In conjunction with these proposed instructions, the defendants provide the following notice concerning their affirmative defense of qualified immunity:

The question of whether the defendants are entitled to qualified immunity should not be submitted to the jury, as it is a legal determination to be made by the Court. *See Stephenson v. Doe*, 332 F.3d 68, 80-81 (2d Cir. 2003) (recognizing that qualified immunity is a legal decision and "[j]uries are hardly suited to make decisions that require an analysis of legal concepts and an understanding of the inevitable variability in the application of highly generalized legal principles"); *see*

*also Warren v. Dwyer*, 906 F.2d 70, 76 (2d Cir. 1990) ("The ultimate legal determination whether, on the facts found, a reasonable officer should have known he acted unlawfully is a question of law better left for the court to decide."). If the jury returns a verdict in favor of the plaintiff at to his an Fourteenth Amendment claim, the issue of whether qualified immunity shields the defendants from liability is a question of law that must be decided by the Court, not the jury.

However, if there are disputed issues of material fact as to the issue of qualified immunity, the jury should decide those factual disputes and the Court should then make the ultimate legal determination as to whether qualified immunity attaches on those facts. *See Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007) ("Once the jury has resolved any disputed facts that are material to the qualified immunity issue, the ultimate determination of whether the officer's conduct was objectively reasonable is to be made by the court."); *see also Outlaw v. City of Hartford*, 884 F.3d 351, 367 (2d Cir. 2018) ("After the factfinder's decision as to what the facts were that the [correctional official] faced or perceived, the court then may make the ultimate legal determination of whether qualified immunity attached.") (internal citations and quotations omitted).

If such a factual dispute arises as to the issue of qualified immunity, the defendants will seek to submit special interrogatories to the jury regarding the factual issues and then let the Court make the ultimate legal determination as to qualified immunity. *See Stephenson*, 332 F.3d at 81 (noting that the use of special interrogatories resolves the difficulty of the jury deciding the material facts while

also permitting the court to make the ultimate legal determination on qualified immunity); *see also Outlaw*, 884 F.3d at 368 (explaining that the jury can make the determination as to the disputed material facts regarding qualified immunity through special interrogatories).

Accordingly, the issue of qualified immunity should not be submitted to the jury, and if a verdict returns in the plaintiff's favor as to his Fourteenth Amendment claims, the issue of whether qualified immunity shields the defendants from liability must be decided by the Court, with the jury deciding any issues of material fact regarding qualified immunity based on the submission of special interrogatories.

Exhibit 9

## **PLAINTIFF'S PROPOSED JURY VERDICT FORM**

### **Part I. Liability under 42 U.S.C. § 1983 – Excessive Force**

A.    Did Christopher Rodriguez prove by a preponderance of the evidence that ANY of the defendants violated his Fourteenth Amendment rights by using excessive force against him? Please indicate your answer below.

Yes: _____         No: _____

*If you have answered "No" in Part I.A, then you should skip Part I.B and proceed to Part II. If you have answered "Yes" in Part I.A, please proceed to Part I.B below.*

B.    Did Christopher Rodriguez prove that any of the following defendants violated his Fourteenth Amendment rights by using excessive force used against him? Please indicate your answer below.

a)    Brandon Johndro         Yes:_____         No: _____

b)    Michaela Muller         Yes:_____         No: _____

c)    Jerry Chrostowski         Yes:_____         No: _____

### **Part II. Liability under Connecticut Tort Law - Assault**

A.    Did Christopher Rodriquez prove by a preponderance of the evidence that ANY defendant subjected him to assault?  Please indicate your answer below.

Yes: _____         No: _____

*If you have answered "No" in Part II.A, then you should skip Part II.B and proceed to Part III. If you have answered "Yes" in Part II.A, please proceed to Part II.B below.*

B.    Did Christopher Rodriguez prove that any of the following defendants subjected him to assault? Please indicate your answer below.

a)    Brandon Johndro         Yes:_____         No: _____

b)    Michaela Muller         Yes:_____         No: _____

c)    Jerry Chrostowski         Yes:_____         No: _____

**Part III. Damages**

*If you have answered "No" in both Part I.A and Part II.A, then you should skip Part III entirely and proceed to Part IV. If you have answered "Yes" as to any defendant in either Part I.B or Part II.B, please proceed to Part III.A below.*

**A.    Compensatory Damages**

    1.    Do you find that Christopher Rodriquez proved by a preponderance of the evidence that he suffered actual damages proximately caused by violation of his constitutional rights by one or more of the defendants?

        Yes: _____        No: _____

    2.    Do you find that Christopher Rodriquez proved by a preponderance of the evidence that he suffered actual damages proximately caused by an assault against him committed by one or more of the defendants?

        Yes: _____        No: _____

*If you have answered "No" as to both Part III.A.1 and Part III.A.2, then you should skip the remainder of Part III.A and proceed to Part III.B. If you have answered "Yes" as to either Part III.A.1 or Part III.A.2, please proceed to Part III.A.3 below.*

    3.    If you answered "Yes" as to either question III.A or III.B, what amount of compensatory damages do you award Christopher Rodriquez for the injuries proximately caused by the defendant(s)?  R

        Compensatory Damages:        $_____

**B.    Nominal Damages**

*If you have answered "Yes" question III.A.1 and have awarded Christopher Rodriquez compensatory damages in response to Part III.A.3, skip Part III.B and proceed to Part III.C.  Otherwise, please proceed to Part III.B.1 below.*

    1.    If you answered "Yes" as to any defendant in Part I.B (excessive force), but you did not award Christopher Rodriquez any compensatory damages under question III.A.3, you must award Mr. Rodriquez $1 in nominal damages.

        Nominal Damages:        $_____

**C.    Punitive Damages**

1. If you answered "Yes" as to any defendant in Part I.B (excessive force), and keeping in mind the Court's instructions on punitive damages, do you find that the defendant(s) should be punished or deterred from future shocking conduct by an award of punitive damages?

   Yes: _____     No: _____

2. If you answered "Yes" as to any defendant in Part I.B (excessive force) and you answered "Yes" to question III.C.1 above, what amount of punitive damages, if any, do you award to Christopher Rodriquez against the defendant(s).

   Punitive Damages:     $_____

3. If you answered "Yes" as to any defendant in Part II.B (assault),do you find that the defendant(s) should be punished or deterred from any such future conduct by an award of punitive damages?

   Yes: _____     No: _____

**Part IV. Conclusion of Deliberations**

**Thank you.**
**Your deliberations are now complete, and you should have your jury foreperson note the date and time below and sign in the space provided. YOUR ANSWERS MUST BE UNANIMOUS. You should notify the marshal that you have reached a verdict. Your completed Verdict Form will then be returned to the Court.**

_____     _____a.m./p.m.     _____
Date          Time                              Signature of Foreperson

Exhibit 10

## **DEFENDANTS' PROPOSED JURY VERDICT FORM**

### **Part I. Liability under 42 U.S.C. § 1983 – Excessive Force**

C.    Did Christopher Rodriguez prove by a preponderance of the evidence that ANY of the defendants violated his Fourteenth Amendment rights by using excessive force used against him? Please indicate your answer below.

Yes: _____        No: _____

*If you have answered "No" in Part I.A, then you should skip Part I.B and proceed to Part II. If you have answered "Yes" in Part I.A, please proceed to Part I.B below.*

D.    Did Christopher Rodriguez prove that any of the following defendants violated his Fourteenth Amendment rights by using excessive force used against him? Please indicate your answer below.

a)    Brandon Johndro        Yes:_____        No: _____

b)    Michaela Muller        Yes:_____        No: _____

c)    Jerry Chrostowski        Yes:_____        No: _____

### **Part II. Liability under Connecticut Tort Law - Assault**

C.    Did Christopher Rodriquez prove by a preponderance of the evidence that ANY defendant subjected him to assault?  Please indicate your answer below.

Yes: _____        No: _____

*If you have answered "No" in Part II.A, then you should skip Part II.B and proceed to Part III. If you have answered "Yes" in Part II.A, please proceed to Part II.B below.*

D.    Did Christopher Rodriguez prove that any of the following defendants subjected him to assault? Please indicate your answer below.

a)    Brandon Johndro        Yes:_____        No: _____

b)    Michaela Muller        Yes:_____        No: _____

c)    Jerry Chrostowski        Yes:_____        No: _____

**Part III. Damages**

*If you have answered "No" in both Part I.A and Part II.A, then you should skip Part III entirely and proceed to Part IV. If you have answered "Yes" as to any defendant in either Part I.B or Part II.B, please proceed to Part III.A below.*

**D.    Compensatory Damages**

1.  Do you find that Christopher Rodriquez proved by a preponderance of the evidence that he suffered actual damages proximately caused by violation of his constitutional rights by one or more of the defendants?

    Yes: _____        No: _____

2.  Do you find that Christopher Rodriquez proved by a preponderance of the evidence that he suffered actual damages proximately caused by an assault against him committed by one or more of the defendants?

    Yes: _____        No: _____

*If you have answered "No" as to both Part III.A.1 and Part III.A.2, then you should skip the remainder of Part III.A and proceed to Part III.B. If you have answered "Yes" as to either Part III.A.1 or Part III.A.2, please proceed to Part III.A.3 below.*

3.  If you answered "Yes" as to either question III.A or III.B, what amount of compensatory damages do you award Christopher Rodriquez for the injuries proximately caused by the defendant(s)?  Remember my instruction that you cannot award the plaintiff money damages for the same injury twice.

    Compensatory Damages:        $_____

**E.    Nominal Damages**

*If you have answered "Yes" question III.A.1 and have awarded Christopher Rodriguez compensatory damages in response to Part III.A.3, skip Part III.B and proceed to Part III.C.  Otherwise, please proceed to Part III.B.1 below.*

1.  If you answered "Yes" as to any defendant in Part I.B (excessive force), but you did not award Christopher Rodriquez any compensatory damages under question III.A.3, you must award Mr. Rodriguez $1 in nominal damages.

    Nominal Damages:        $_____

**F.    Punitive Damages**

1.  If you answered "Yes" as to any defendant in Part I.B (excessive force), and keeping in mind the Court's instructions on punitive damages, do you find that the defendant(s) should be punished or deterred from future shocking conduct by an award of punitive damages?

    Yes: _____       No: _____

2.  If you answered "Yes" as to any defendant in Part I.B (excessive force) and you answered "Yes" to question III.C.1 above, what amount of punitive damages, if any, do you award to Christopher Rodriquez against the defendant(s).

    Punitive Damages:       $_____

3.  If you answered "Yes" as to any defendant in Part II.B (assault), and keeping in mind the Court's instructions on punitive damages, do you find that the defendant(s) should be punished or deterred from future shocking conduct by an award of punitive damages?

    Yes: _____       No: _____

**Part IV. Conclusion of Deliberations**

**Thank you.**

**Your deliberations are now complete, and you should have your jury foreperson note the date and time below and sign in the space provided. YOUR ANSWERS MUST BE UNANIMOUS. You should notify the marshal that you have reached a verdict. Your completed Verdict Form will then be returned to the Court.**

_____    _____a.m./p.m.    _____
Date          Time                  Signature of Foreperson

For Plaintiffs:
Nate Baber
Baber Law, LLC
348 Hartford Turnpike
Vernon, CT 06066
Email: nate.baber@injuredct.com
Telephone: 855-285-3425

For Defendants:
Jacob McChesney
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5450
Email: jacob.mcchesney@ct.gov

Terrence O'Neill
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5450
Email: terrence.oneill@ct.gov