UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Christopher Rodriguez,<br><br>                Plaintiff,<br><br>v.<br><br>Brandon Johndro, et al.,<br><br>                Defendants. | Civil No. 3:23-cv-01258 (TOF)<br><br><br><br>January 31, 2025 |

**RULING AND ORDER ON PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE EVIDENCE OF CRIMINAL CONVICTIONS**

The Plaintiff Christopher Rodriguez, an inmate incarcerated by the Connecticut Department of Correction ("DOC"), has sued three state employees ("Defendants") for an alleged assault occurring during his criminal trial. At that trial, the Plaintiff was convicted of four felony offenses: sexual assault in the first degree, in violation of General Statutes § 53a-70(a)(1); attempt to commit sexual assault in the first degree, in violation of §§ 53a-49(a)(2) and 53a-70(a)(1); and two counts of risk of injury to a minor, in violation of § 53-21(a)(2).[1] In anticipation of testifying in this case, he has filed a motion *in limine* seeking to preclude the defendants from introducing or attempting to introduce evidence of those convictions. (Mot., ECF No. 106.) He also seeks an order preventing the defendants from introducing their proposed Exhibit 508, the state court trial transcript. (Memo. of L., ECF No. 106, at 3) ("Memo."). For the reasons set forth below, his motion will be granted in part and denied in part.

---

[1] See Docket No. HHB -CR18-0295032-T (available at: Criminal/Motor Vehicle Convictions – Search by Docket Number).

1

I.   **BACKGROUND**

"This is a civil rights action brought by Plaintiff Christopher Rodriguez, an individual who was in the custody of the Connecticut Department of Correction when on May 4, 2022, he was on trial in New Britain Superior Court" for the above-listed offenses.  (Jt. Trial Memo., ECF No. 105, at 4-5.)  During the trial, a question apparently arose about his relationship with the victim.  (Am. Compl., ECF No. 41, ¶¶12-20.)  The Plaintiff's lawyer referred to the victim as his step-granddaughter, but for reasons that are not evident from the pleadings in this case, the Plaintiff wanted the court to know that she was actually his biological daughter.  (*Id.* ¶ 15.)  When his lawyer refused to make this admission, the Plaintiff allegedly "stood and spoke up before the jury declaring that [the victim] was his daughter and not his step-granddaughter," at which point the lawyer "jumped up from his seat [and] covered Plaintiff's mouth and nose."  (*Id.* ¶¶ 17-21.)

The three Defendants are all individuals who were in the courtroom that day.  Brandon Johndro and Michaela Muller are State of Connecticut Judicial Marshals, and Jerry Chrostowski is a case inspector.  (*See id.* ¶¶ 7-9.)  All three allegedly reacted physically to the contact between the Plaintiff and his lawyer, and the level of force exerted during that reaction is the principal area of dispute in this case.  The Plaintiff alleges that Marshal Johndro put him in a chokehold; that Marshal Muller "joined in by grabbing [his] arm [and] attempting to cuff" him; and that Investigator Chrostowski tackled him and violently twisted his arm.  (*Id.* ¶¶ 23-24, 27.)  The Plaintiff accordingly asserts a cause of action for excessive force in violation of his rights under the Fourteenth Amendment to the United States Constitution, made actionable through 42 U.S.C. § 1983.  (*See id.* ¶64.)  He also asserts common-law, state-law claims for assault and battery.  (*E.g.*, *id.* ¶ 67.)

Trial is scheduled to begin on February 3, 2026. (Minute Entry, ECF No. 114.) Anticipating that the Defendants will seek to impeach him with his four felonies, the Plaintiff has moved the Court for an order precluding them "from introducing or attempting to introduce evidence, including testimony and/or exhibits, cross-examination of reference during opening and closing statements, of [his] criminal convictions." (Mot., ECF No. 106, at 1.) And because the Defendants announced, in the Joint Trial Memorandum, that they seek to introduce his criminal trial transcript, the Plaintiff seeks an order preventing them from doing so. (Memo. at 3.) The Defendants oppose the motion (Defs.' Opp'n to Pl.'s Mot. *In Limine*, ECF No. 108) ("Opp'n"), and the Court heard oral argument at the final pretrial conference. (Minute Entry, ECF No. 112.) The motion is therefore ripe for decision.

II.   DISCUSSION

    A.   **The Name and Date of the Plaintiff's Crimes, and the Sentence Imposed**

Efforts to attack a witness's character for truthfulness through evidence of a criminal conviction are governed by Rule 609 of the Federal Rules of Evidence. Rule 609(a)(1)(A) provides that, "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence . . . must be admitted, subject to Rule 403, in a civil case[.]" Rule 609(a)(2) sets forth different criteria when "the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement," but the Defendants do not contend that rule applies here. (*See generally* Opp'n.) The parties substantially agree that Rule 609(a)(1) is the applicable rule. (*See* Memo. at 3; Opp'n at 6.)

Rule 609(a)(1) "requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is

3

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quoting Fed. R. Evid. 403). "This determination is left to the sound discretion of the district court." *Id.*

"In 'balancing the probative value against prejudicial effect under Rule 609, courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness.'" *Twitty v. Ashcroft*, No. 3:04-cv-410 (DFM), 2010 WL 1677757, at *1 (D. Conn. Apr. 23, 2010) (quoting *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997)) (brackets omitted). "Although all of these factors are relevant, prime among them is the first factor, i.e., whether the crime, by its nature, is probative of a lack of veracity." *Id.* (quoting *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009)) (internal citation, quotation marks, and brackets omitted). Nevertheless, the balancing analysis must be "individualized" to the case, because "[a]pplying a generalized heuristic is simply improper." *Estrada*, 430 F.3d at 616.

In this case, the first factor favors admitting the name and date of the convictions and the sentence imposed. While "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," "all . . . felonies are not equally probative of credibility." *Estrada,* 430 F.3d at 617. At the high end of the relevance scale are "crimes that reflect adversely on a person's integrity, and which therefore bear on honesty—such as those involving deceit, fraud, and theft[.]" *Id.* Conversely, "acts of violence" often fall at the other end of the scale, because impulsive acts resulting from "a combative nature, extreme provocation, or other causes . . . generally have little or no direct bearing on honesty and veracity." *Id.* The

4

Plaintiff characterizes his crimes as crimes of violence (Memo. at 7), and that is true as far as it goes. But the Second Circuit has observed that when the particular violent crime at issue is "sexual abuse of children in the witness's care," it can be highly probative of credibility—because in addition to being violent, it also "involve[s] evasions of responsibility or abuse of trust." *Estrada*, 430 F.3d at 618; *see also Harnage v. Lightner*, No. 3:17-cv-263 (AWT), 2022 WL 1104908, at *1 (D. Conn. Apr. 13, 2022) ("The court views the discussion in *Estrada* as a clear indication that the fact of the plaintiff's multiple convictions for sexual assault in the first degree is not inadmissible under Rule 403[.]"); *Harnage v. Pillai*, No. 3:17-cv-357, slip op. at 3 (D. Conn. May 8, 2019) (same); *cf. also Balentine v. Shurgot*, No. 9:22-cv-285 (MAD/ML), 2023 WL 6622034, at * (N.D.N.Y. Oct. 11, 2023) (denying plaintiff's motion to preclude evidence of a conviction for promoting the sexual performance of a child; such a conviction "falls more on the side of an evasion of trust or responsibility-related crime than a violative or assaultive crime," and is therefore "probative of his credibility"); *but see Wine v. Black*, No. 3:18-cv-704 (VAB), 2024 WL 2809200, at *10 (D. Conn. May 17, 2024). At oral argument, the Court inquired whether the Plaintiff's victim was a child in his care at the time, and counsel confirmed that she was.

The other factors similarly favor admission of the name and date of the convictions and the sentence imposed. With respect to the second factor, the Superior Court convicted the Plaintiff in May of 2022, less than four years ago, and such temporal proximity supports admission. *E.g., Balentine*, 2023 WL 6622034, at *4 (holding, in 2023, that the second factor supported admitting evidence of a 2019 conviction). With respect to the third factor, "[t]he less similar the pending case to the prior conviction, the less prejudicial its admission is." *Twitty*, 2010 WL 1677757, at *2 (quoting *Stephen v. Hanley*, No. 03-cv-6226 (KAM) (LB), 2009 WL 1471180, at *5 (E.D.N.Y. May 21, 2009)). Here, the Plaintiff does not even contend that this case and his criminal case are

5

too similar to avoid unfair prejudice (*see generally* Memo.), and in any event the Court does not observe a substantial similarity between a sexual assault of a minor on the one hand and a courtroom melee on the other, the former "involv[ing] evasions of responsibility or abuse of trust" as noted above.  And with respect to the fourth factor, the Plaintiff does not dispute that his credibility will be critical to the outcome of the case.  The Defendants say without contradiction that portions of the altercation were not captured on video (Opp'n at 7), and the case may therefore turn principally if not entirely on whether the Plaintiff's version of events is worthy of belief.

The Plaintiff makes several arguments in an effort to keep even the names of his crimes from the jury, but none are persuasive.  He begins by claiming that "[t]he details of [his] convictions are irrelevant" (Memo. at 4), and while that may be true about the underlying details of his crimes, it is not true about the names and dates of the crimes and the sentence imposed.  *See Estrada*, 430 F.3d at 621; *cf. also Shih v. Petal Card, Inc.*, No. 18-cv-5495 (JFK) (BCM), 2021 WL 5279395, at *4 (S.D.N.Y. Nov. 12, 2021) (observing, albeit in the discovery context, that "the credibility of a witness . . . is always, in a broad sense, relevant to the parties' claims and defenses").  He next appeals to the principle that "violent crimes may bear so marginally on honesty or veracity, depending on the circumstances of those crimes, as to justify exclusion under Rule 609(a)(1)." (Memo. at 7) (quoting *Zulu v. Barnhart*, No. 9:16-cv-1408 (MAD/ML), 2019 WL 3239397, at *2 (N.D.N.Y. July 18, 2019)).  But again, calling his crimes "violent crimes" is not the only way to characterize them; the "circumstances of those crimes" show that they are also "abuse[s] of trust" that are "highly probative of credibility." *Estrada*, 430 F.3d at 618.  He then cites a case in which the jury was kept from hearing that the witness had committed a murder, and was instead told only that he "was convicted of a felony." (Memo. at 7) (citing *Smith v. Perez*, No. 3:19-cv-1758 (VAB), 2023 WL 454049, at *4 (D. Conn. July 14, 2023).  But this citation proves only that, when a

6

conviction is exclusively violent and does not constitute an "abuse of trust," the Rule 403 balancing analysis may work out differently than it does here. *Smith*, 2023 WL 454049, at *4 ("[M]urder is not a crime of dishonesty that bears directly on the likelihood that Mr. Smith will testify falsely."). It is also worth noting that Smith's murder conviction was twenty-seven years old at the time of trial in his civil case. *Id.*

Although there is admittedly some potential for prejudice in allowing the jury to know the statutory names of the crimes of which the Plaintiff was convicted, that danger does not substantially outweigh the probative value to the jury in assessing the Plaintiff's credibility. It is the "jury's function to assess the probative value of a witness's specific conviction or convictions as part of its overall evaluation of the witness's credibility." *Estrada*, 430 F.3d at 617. All four of the Plaintiff's convictions stem from his abuse of the trust that comes from having a minor under one's care, and are therefore "highly probative." *Id.* at 618. Moreover, the prejudicial impact of the names of the crimes being admitted is mitigated somewhat by the fact that the Plaintiff was convicted of sexual assault in the first degree under Conn. Gen. Stat. § 53a-70(a)(1), rather than sexual assault of a minor under Conn. Gen. Stat. § 53a-70(a)(2). Thus, the jury will not learn from the name of the statutory violation that the victim of the Plaintiff's sexual assault was a minor. As for the risk of injury to a minor charges, the statutory name of that crime encompasses a broad array of possible behaviors and does not carry the same risk of prejudicing the jury as would informing them that he had been convicted of sexual assault of a person he claims as his biological daughter. Put simply, the charge of risk of injury to a minor does not carry the same prejudicial potential as sexual assault of a minor would carry.

Given the high probative value of allowing the jury to know the names of the crimes, the sentences imposed, and the dates of conviction, and after a careful, individualized balancing of

that probative value against the prejudicial effect of introducing that information to the jury, as required by Rule 403, there is no reason the Court should preclude the jury from hearing those three facts about the Plaintiff's convictions. Under the circumstances of this case, the Defendants may elicit testimony on those three topics during cross-examination at trial. The Plaintiff's motion will be denied to the extent that it sought to preclude the Defendants from eliciting those three specific pieces of information.

### B. The Details of the Plaintiff's Crimes and the Transcript of His Trial

A different Rule 403 balancing analysis applies to the details underlying those convictions, at least on the current record. Impeachment by criminal conviction is typically "limited to 'elicitation of the crime charged, the date, and the disposition,' and 'it is error to elicit any further information for impeachment purposes.'" *Day v. Milling*, No. 3:95-cv-1704 (JGM), 2000 WL 435430, at *2 (D. Conn. Feb. 22, 2000) (quoting *Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992)). For this reason, "numerous courts have exercised their discretion to admit evidence of the fact that a witness has been convicted of a felony while barring evidence of the underlying details of the offense." *Giles v. Rhodes*, No. 94-Civ.-6385 (CSH), 2000 WL 1510004, at *1 (S.D.N.Y. Oct. 10, 2000); *see also Leniart v. Bundy*, No. 3:09-cv-9 (HBF), 2013 WL 1673025, at *6 (D. Conn. Apr. 17, 2013) ("limiting defendants' inquiry to the nature of the charge, the date of disposition and the sentence imposed" to minimize prejudicial effect).

In this case, the Defendants seek to introduce the entire transcript of the Plaintiff's criminal trial, including some lurid details of his crimes.[2] (Opp'n at 9.) They make four principal

---

[2] The Defendants also reference "other related evidence" (Opp'n at 9) that they believe should be admitted. Presumably this is a reference to their proposed Exhibits 506 and 507, two videos of the Superior Court proceeding. The Plaintiff did not specifically include the two videos among the list of items he wishes to preclude, because he plans to attempt to introduce excerpts from them himself. (*See* Jt. Trial Memo., ECF No. 105, at 12.) But the parties have yet to agree

arguments. First, they assert that the Plaintiff has placed the entirety of that proceeding "and related circumstances squarely at issue in this trial." (*Id.*) Second, they note that the Plaintiff "had several vocal confrontations with the Court and his attorney" before the melee erupted, and they argue that these confrontations "are relevant to the threat that the defendants, in the room at the time of the outburst and the preceding events, perceived and responded to." (*Id.* at 9-10.) Third, they argue that the Plaintiff's convictions have independent probative value, separate and apart from their value as impeachment evidence, because the state criminal charges "inform[ed] the defendants' observations and the reasonableness of their response." (*Id.* at 10-11.) Fourth and finally, they say that "any . . . risk of prejudice" that would follow from the jury reading the entire transcript "can be cured with a limiting instruction." (*Id..* at 11.)

The Defendants attached the transcript as an exhibit to their opposition memorandum (ECF No. 108-1), and the Court has reviewed it. The Court disagrees that the Plaintiff has put the entirety of the transcripts' contents at issue in this case. Moreover, the claim that Defendants' response to the melee and their calculation of the level of force required to subdue it was informed by the Plaintiff's trial conduct and the nature of the charges against him, is unsupported by any affidavit from the Defendants themselves. Finally, the Court observes details in the transcript that are so highly prejudicial that they are unlikely to be curable with a limiting instruction. Accordingly, the Plaintiff's motion is granted to the extent that it seeks preclusion of the Defendants' proposed Exhibit 508 on the current record, because the exhibit's probative value is substantially outweighed by the danger of unfair prejudice.

---

on what portions of the videos can go into evidence, so their admissibility will be decided at trial. The parties should nonetheless expect that, unless trial testimony materially changes the Rule 403 balancing analysis, the issue will likely be decided in accordance with the principles set forth here.

The Court wishes to be clear, however, that this ruling is based on the current record. Because trial is a dynamic, fluid environment, a party can "open the door" to evidence that the Court has previously ruled inadmissible. *See United States v. Rea*, 958 F.2d 1206, 1225 (2d Cir. 1992) ("The concept of 'opening the door,' or 'curative admissibility,' gives the trial court discretion to permit a party to introduce otherwise inadmissible evidence on an issue (a) when the opposing party has introduced inadmissible evidence on the same issue, and (b) when it is needed to rebut a false impression that may have resulted from the opposing party's evidence."). The course of the trial testimony in this case—including, in particular, the Plaintiff's own direct testimony—may alter the balance between probative value and potential for prejudice. This portion of the Court's ruling is therefore without prejudice to the Defendants' right to renew their request to admit proposed Exhibit 508, or excerpts thereof, at trial, if circumstances develop that merit such a request. Should the Defendants conclude that the Plaintiff has further "opened the door" to examination on the details of his crimes or to the admission of his criminal trial transcript, they are directed to inform the Court and counsel for the Plaintiff. *Harnage v. Pillai*, No. 3:17-cv-357 (AWT), slip op. at 4-5 (D. Conn. May 8, 2019).

### III.   CONCLUSION

For the foregoing reasons, the Plaintiff's Motion *In Limine* Regarding Criminal Convictions and Evidence and Testimony of the Nature of the Allegations of Certain Charged Conduct (ECF No. 106) is granted in part and denied in part. It is granted on the current record to the extent that it seeks to prevent the Defendants from presenting or attempting to elicit evidence of the details of the Plaintiff's criminal offenses, and to the extent that it seeks to preclude introduction of the Defendants' proposed Exhibit 508, without prejudice to the Defendants' right to renew their request to introduce such information if trial developments warrant. The motion is

denied to the extent that it seeks to preclude evidence of the names and dates of the Plaintiff's criminal convictions, and of the sentence imposed.

So ordered this 31st day of January, 2026, at Hartford, Connecticut.

/s/ Thomas O. Farrish
Hon. Thomas O. Farrish
United States Magistrate Judge
